FILED - LN
September 24, 2026 2:41 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: pjw / ____ SCANNED BY: ____ / ____

# UNITED STATES DISTRICT COURT FOR WESTERN DISTRICT OF MICHIGAN

315 W. Allegan St., Room 113, Lansing, MI 48933

Alonzo Shaffer,
Plaintiff,

PO Box 10153
Lansing, MI. 48901

V.

KALAMAZOO COUNTY; KALAMAZOO COUNTY SHERIFF'S OFFICE; DEPUTY JOHN DOE 1; SUPERVISORY DEPUTY JOHN DOE 2; and JAIL MEDICAL/CORRECTIONAL STAFF JOHN DOES 3-5, Defendants.

**1:26-cv-2681**
**Jane M. Beckering**
**United States**
**District Judge**

201 W Kalamazoo Ave, Kalamazoo, MI 49007,
1500 Lamont Ave, Kalamazoo, MI 49048

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Alonzo Shaffer, acting pro se, respectfully files this federal civil rights Complaint against Defendants Kalamazoo County, the Kalamazoo County Sheriff's Office, and individual Deputies and Jail Staff, alleging violations of federal law exclusively as follows:

I. JURISDICTION AND VENUE

1. **Federal Question Jurisdiction:** This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as all claims arise exclusively under the Constitution and laws of the United States, specifically 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (42 U.S.C. § 12131).
2. **Venue:** Venue is proper in the Western District of Michigan pursuant to 28 U.S.C. § 1391(b)(1) & (2) because all Defendants reside or operate within this judicial district, and a substantial part of the events giving rise to these federal claims occurred in Kalamazoo County, Michigan.

II. PARTIES

1. **Plaintiff:** Alonzo Shaffer is a resident of Kalamazoo County, Michigan, and is an individual with a documented physical disability under federal law.
2. **Defendant Kalamazoo County:** Defendant Kalamazoo County is a municipal corporation organized under the laws of the State of Michigan, responsible for the operation of the Kalamazoo County Sheriff's Office and the Kalamazoo County Jail under color of federal and state law.
3. **Individual Defendants:** Defendants Deputy [John Doe 1], Supervisory Deputy [John Doe 2], and Jail Staff [John Does 3-5] were at all times relevant acting under color of federal and state law in their individual and official capacities as employees, agents, or officers of Kalamazoo County.

III. STATEMENT OF FACTS

1. On or around June 6, 2026, Plaintiff lawfully entered a public facility in Kalamazoo, Michigan, to conduct business.
2. Deputies from the Kalamazoo County Sheriff's Office arrived on the scene, including a junior deputy ("Deputy Doe 1") and a supervisory deputy ("Supervisor Doe 2").
3. Despite extreme outdoor heat and Plaintiff's visible physical disability, Deputy Doe 1 ordered Plaintiff to immediately vacate a mobility device and exit the property at a pace that was physically impossible for Plaintiff to execute safely.
4. Upon exiting into the severe heat, Plaintiff suffered acute physical distress, including dizziness, disorientation, and dangerously elevated blood pressure.
5. Plaintiff requested physical assistance from Deputy Doe 1 to reach Plaintiff's personal vehicle. Deputy Doe 1 refused aid, mocked Plaintiff's condition, and laughed.
6. To prevent a fall and loss of consciousness, Plaintiff sat on the ground. Deputy Doe 1 yelled at Plaintiff, approached, and placed Plaintiff in handcuffs while Plaintiff was experiencing an active medical crisis. Supervisor Doe 2 ratified and approved these Actions.

7. Emergency Medical Services (EMS) arrived, evaluated Plaintiff, and confirmed dangerously elevated blood pressure, but Plaintiff was cleared for transport and remanded to the custody of the Kalamazoo County Jail
8. Prior to transport, Plaintiff notified the deputies of active federal litigation involving Kalamazoo County. Deputy Doe 1 verified this via a mobile device. Plaintiff formally objected to the retaliation and unlawful arrest.
9. Following booking into the Kalamazoo County Jail, Plaintiff suffered life-threatening physical distress consistent with heat stroke and severe blood-pressure spikes.
10. For several hours, jail and medical staff ("Jail Does 3-5") failed to render timely or adequate medical care despite repeated, explicit notices of severe medical distress.

IV. CAUSES OF ACTION (FEDERAL LAW ONLY)

## COUNT I: Violation of Title II of the Americans with Disabilities Act

*(Against Defendant Kalamazoo County)*

1. Plaintiff realleges and incorporates paragraphs 1 through 15 as though fully set forth herein.
2. The Kalamazoo County Sheriff's Office is a public entity under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131.
3. County deputies violated federal law under 42 U.S.C. § 12132 by refusing to accommodate Plaintiff's mobility limitations, forcing Plaintiff out of a mobility device into extreme heat, and failing to provide accessible assistance or reasonable modifications.

## COUNT II: 42 U.S.C. § 1983 – Fourth Amendment Unlawful Arrest & Excessive Force

*(Against Defendants Deputy Doe 1 and Supervisor Doe 2)*

1. Plaintiff realleges and incorporates paragraphs 1 through 15 as though fully set forth herein.
2. Defendants arrested and handcuffed Plaintiff without probable cause while Plaintiff was sitting on the ground experiencing a medical crisis, constituting an unreasonable seizure and excessive force in violation of the Fourth Amendment to the United States Constitution, enforceable via 42 U.S.C. § 1983.

## COUNT III: 42 U.S.C. § 1983 – First Amendment Retaliation

*(Against Defendants Deputy Doe 1 and Supervisor Doe 2)*

1. Plaintiff realleges and incorporates paragraphs 1 through 15 as though fully set forth herein.
2. Plaintiff engaged in constitutionally protected activity under the First Amendment by notifying law enforcement officers of ongoing civil rights concerns and an active federal lawsuit against the municipality.
3. Defendants retaliated against Plaintiff by executing an unlawful arrest and subjecting Plaintiff to adverse official action after verifying the existence of the active litigation, chilling Plaintiff's exercise of federal constitutional rights, in violation of 42 U.S.C. § 1983.

## COUNT IV: 42 U.S.C. § 1983 – Fourteenth Amendment Deliberate Indifference to Serious Medical Needs

*(Against Defendants Deputy Doe 1, Supervisor Doe 2, and Jail Does 3-5)*

1. Plaintiff realleges and incorporates paragraphs 1 through 15 as though fully set forth herein.
2. As a pretrial detainee, Plaintiff had a clearly established Fourteenth Amendment due process right to adequate medical care and protection from substantial risks of serious harm under the United States Constitution.
3. Defendants acted with deliberate indifference under federal standards by mocking Plaintiff's medical crisis on-scene and withholding necessary, timely medical treatment for hours inside the jail during life-threatening symptoms, violating 42 U.S.C. § 1983.

V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this United States District Court enter judgment in Plaintiff's favor and against Defendants, granting the following relief under federal law:

- **A.** Compensatory damages for physical injury, pain and suffering, and emotional distress caused by federal constitutional and statutory violations;
- **B.** Punitive damages against the individual Defendants in their individual capacities for reckless, malicious, and deliberate conduct violating federal law;
- **C.** Declaratory and injunctive relief to prevent further federal constitutional and statutory violations, discrimination, and retaliation;
- **D.** Costs and litigation expenses to the extent permitted under federal law; and
- **E.** Any other general or specific relief this Court deems just and proper.

VI. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

PLAINTIFF x[signature] 09/24/2026

HONORABLE_U.S_CITIZEN_INDIVIDUAL_A.S_2026

P O Box 10153
Lansing, MI. 48901